## CHARLES HUMPELER
### v.
## CYNTHIA HICKMAN, Adm'x, etc.

EVIDENCE.—While the possession of the notes in question by the administratrix of the payee is *prima facie* evidence that they have not been paid, yet, taking all the evidence and circumstances in the case into consideration, the fact that the payee was in limited financial circumstances, that appellant was perfectly solvent, and might have been compelled to pay the amount due on the notes at any time after maturity, and that the suit was not begun until nearly five years after the last note became due, the court is of opinion that the *prima facie* case made by appellee is manifestly overcome.

APPEAL from the Circuit Court of Fayette county; the Hon. JESSE J. PHILLIPS, Judge, presiding. Opinion filed October 10, 1883.

Messrs. ASHCRAFT & STILLMAN, for appellant; the fact that Hickman surrendered the legal title to the land which he held as security for the payment of the notes, is *prima facie* evidence of their payment, cited 2 Greenleaf on Ev. § 527; Smith v. Smith, 15 N. H. 55; Wood v. Chapin, 13 N. Y. 509.

The lapse of a number of years, though less than sufficient

for limitation, may afford a presumption of payment, which, if supported by other facts, may amount to full proof: Davenport v. Labanol, 5 L. Ann. 140; Copley v. Edwards, Id. 647; Wooten v. Harrison, 9 Id. 234; Fleming v. Emory, 5 Karr. 46; Milledge v. Gardner, 33 Ga. 397; Tilghman v. Fisher, 9 Watts (Pa.), 441; Blake v. Quash, 3 McCord (S. C.), 340; Williams v. Sims, 1 Rich (S. C.), 53; Atkinson v. Dance, 9 Yerg. (Tenn.) 424; 2 Greenleaf on Ev. Sec. 528; Hopkins v. Page, 2 Brock, 20; Kirkpatrick v. Langphier, 1 Cranch, C. Ct. 85; Miller v. Evans, 2 Id. 72; Anderson v. Smith, 3 Metc. (Ky.) 491; Helm v. Jones, 3 Dana (Ky.), 86; Leiper v. Erwin, 5 Yerg. 97.

Messrs. HENRY & CHAPMAN, for appellee.

CASEY, J. Appellee, as the administratrix of the estate of Montgomery Hickman, brought suit against appellant in the Circuit Court of Fayette county to recover the amount claimed to be due on two promissory notes given by appellant to the said Hickman in his life-time. The notes were each for the sum of $350, dated the 15th day of August, A. D. 1874, and payable respectively on or before the 15th day of August, 1876, and the 15th day of August, 1877, and each of said notes bearing interest at the rate of ten per cent. per annum from date.

To the declaration the defendant (appellant here) filed the general issue upon the trial of the cause in the circuit, a jury was waived, the cause submitted to the court and judgment entered for the plaintiff for the amount of principal and interest due on the notes, and the case is brought to this court by appeal.

Appellant claims that the amount due on the notes was paid by him to Hickman in his life-time. Payment may be shown under the general issue.

The possession of the notes by the administrator of Hickman is *prima facie* evidence that they have not been paid, and the question for this court to determine is whether that *prima facie* case has been overcome by the evidence introduced by appellant.

The evidence shows that the notes in controversy were given in part payment of eighty acres of land purchased by appellant from Hickman. The contract price of the land was $1,200. At the time of the purchase there was a deed of trust upon the land in favor of Charles Floyd Jones, who then resided in St. Louis, Missouri. The deed of trust was to secure the sum of $500 due by Hickman to Jones. Appellant, at the time of the purchase of the land, received from Hickman a bond for a deed in the penal sum of $2,400. By the bond Hickman obligated himself to convey to appellant the said premises upon the payment of the said notes, and it was stipulated that the deed should be subject to the incumbrance held by Jones as aforesaid. The notes, as before stated, were due in August, 1876, and in August, 1877.

The evidence further shows that on the 3d day of November, 1874, Hickman and his wife made and delivered to appellant a warranty deed for the land in question, for the expressed consideration of $1,200, which said sum is shown on the face of the deed to have been received by Hickman. The deed does not contain any reservations as to the deed of trust held by Jones. This deed was recorded on the 14th day of November, 1874. On the 13th day of November, 1874, appellant and his wife made and delivered to C. A. Sonneman a warranty deed of said premises for the consideration of $1,200, as shown on the face of the deed. The last named deed was filed for record on the 14th day of November, 1874.

The testimony further shows that Hickman was deputy county clerk of Fayette county for ten years before his death; that he was in limited circumstances financially; that he had a homestead and very little other property; that on the 13th day of November, 1874, he deposited in the bank at Vandalia the sum of $512.50; that this was the amount then due to Jones, and which was secured by a deed of trust upon the land; that the last deposit made by Hickman in the bank before that time was on the 6th day of September, 1872, when he deposited the sum of $100.

It further appears from the evidence, that Hickman did recover the $512.50 he deposited in the bank from appellant

at the time he made and delivered the deed of the land to him.

The testimony further shows that appellant was in good circumstances financially, and that the amount due on said notes might have been collected by suit against him at any time after the notes became due. The notes secured by the deed of trust to Jones have not been paid, and the interest to 1879 was paid by Hickman.

It seems to be admitted that Montgomery Hickman, Charles Floyd Jones and C. A. Sonneman, died before the institution of this suit. This was substantially all the evidence heard at the time of the trial of the cause in the circuit court.

We have already stated that the possession of the notes by the administratrix of the payee was *prima facie* evidence that they had not been paid. The notes were given for part of the purchase money of the land. In the bond for a deed given by Hickman these notes are described, and in the deed made by Hickman and wife to appellant the receipt of the purchase money, $1,200, is acknowledged. It is true, it may be shown that the consideration was not paid at the time of the execution of the deed, but until that fact is shown by the evidence the statement in the deed is satisfactory evidence of the payment of the consideration expressed.

In the bond for a deed given by Hickman to appellant he had obligated himself to convey the land subject to the incumbrance held by Jones. Yet we find that he makes a general warranty deed to appellant, and the very day appellant's deed was recorded, which was probably the day the deed was delivered to appellant, we find Hickman depositing in the bank the sum of $512.50, the amount due Jones, and for which he, Jones, held a lien upon the premises; that the sum so deposited he had received from appellant. The sums very clearly and conclusively indicate that the parties had made a new and different arrangement. Appellant had, on the 13th day of November, A. D. 1874, the day before the deed of Hickman to appellant was recorded, sold the land to

Sonneman, and had, as his deed shows, received $1,200 from Sonneman for it.

It seems quite clear that appellant paid Hickman that amount and Hickman placed the $512.50 in the bank for the purpose of meeting the indebtedness of Jones who was then in California. He received the money from appellant, and if it was not to pay Jones, then it must have been in payment of the notes of appellant. Hickman had given a bond obligating himself to convey the lands subject to the lien upon the payment of the notes. He was under no obligation to make the deed before the notes were paid and it would be entirely outside of the ordinary course of business if he did do so. By the terms of the bond appellant was to take the deed to the land subject to the incumbrance. Yet we find Hickman making and delivering to appellant a general warranty deed of the premises long before the notes were due and payable, without retaining any security as to the notes given for the purchase money.

This action on the part of Hickman can only be accounted for on the theory that appellant had received from Sonneman the purchase money of the land, $1,200, and that he had paid to Hickman the entire amount of the purchase money, including the incumbrance held by Jones. Hence it is that for several years after that time and after the notes given by appellant to Hickman had become due we find Hickman paying the interest on the Jones indebtedness.

Hickman being dead, this suit is brought by his administratrix, and appellant is not a competent witness as to matters transpiring before the death of Hickman. And it is unfortunate that both Sonneman and Jones, particularly the former, who it is more than probable knew something of the transactions between appellant and Hickman, are dead. It also appears (and in this case it is an important matter for consideration) that Hickman was in limited financial circumstances. That he had no property except his homestead, and was dependent for a living on what he might receive as deputy county clerk. That appellant was perfectly solvent. That he might have been compelled to pay the amount due on the notes at an-

time after maturity, and that this suit was not begun until the 17th day of July, 1882, nearly five years after the last note became due and nearly six years after the first note became due. Under all these circumstances it is not at all probable that there would have been such delay in attempting to collect the notes if they had been due and owing.

Taking all the evidence and circumstances in proof into consideration, we are bound to hold that the *prima facie* case made by appellee is manifestly overcome by the evidence introduced by appellant, and the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.